# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
### SOUTH BEND DIVISION

| | | |
|---|---|---|
| SAMMIE L. BOOKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 3:10-CV-007 |
| | ) | |
| DR. GREGORY PUGH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the court *sua sponte* pursuant to 28 U.S.C. section 1915A. For the reasons set forth below, the court **DISMISSES** this complaint pursuant to 28 U.S.C. § 1915A(b)(1) because it is untimely and is barred by the statute of limitations.

BACKGROUND

Plaintiff Sammie Booker ("Booker"), a prisoner confined at the Miami Correctional Facility, filed a complaint pursuant to 42 U.S.C. section 1983, alleging the violation of his federally protected rights. Booker seeks damages "of $500 MILLION DOLLARS IN SILVER AND GOLD COINS, from the combined corporations and staff members named and unknown, for these fraudulent acts that have occurred between December 26, 2001 through June 30, 2006." (DE 1 at 4).

DISCUSSION

Pursuant to 28 U.S.C. section 1915A(a), the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under section 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

The pleading standards in the context of a motion to dismiss for failure to state a claim are that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). In the context of *pro se* litigation, the Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). The Court further noted that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007).

Booker alleges that "between December 26, 2001 and June 30, 2006," (DE 1 at 4), while he was at the St. John's Hospital, the defendants participated "in an ongoing conspiracy to commit fraud." (DE 1 at 4). Because there is no federal statute of limitations for actions filed pursuant to section 1983, courts apply the most appropriate state statute of limitations. *Burrell v. City of Mattoon*, 378 F.3d 642 (7th Cir. 2004). Section 1983 claims are considered as personal injury claims for purposes of determining the applicable state statute of limitations. *Wilson v. Garcia*, 471 U.S. 261 (1985). "Indiana law requires that any action for injuries to the person or character must be commenced within two years after the cause of action accrues. I.C. 34-11-2-4 (formerly Ind. Code § 34-1-2-2(1))." *Doe v. Howe Military School*, 227 F.3d 981, 988 (7th Cir. 2000); *see also Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001) (Two-year statute of limitations "is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983"). The statute of limitations is an affirmative defense, but if a plaintiff "pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.,* 12 F.3d 717,

718 (7th Cir. 1993), *cert. denied*, 511 U.S. 1085 (1994).

The Clerk of this Court received Booker's complaint on January 5, 2010. The "mailbox" rule established in *Houston v. Lack*, 487 U.S. 266 (1988), under which a prisoner's submissions to the court are to be deemed as "filed" on the date he delivers it to prison authorities for forwarding to the district court, applies to the initial filing of complaints with the court. *Cooper v. Brookshire*, 70 F.3d 377 (5th Cir. 1995). At the screening stage, this court normally accepts the date a prisoner signs his complaint as the date he delivered it to prison officials for mailing. A complaint is clearly still in the prisoner's possession the day he signs it, and it cannot have been submitted for mailing before that date.

Because Booker signed his complaint on January 4, 2010, the court considers any events occurring before January 4, 2008, as beyond the statute of limitations. Because all of the events alleged in the complaint occurred between December 26, 2001 and June 30, 2006, which is more than two years before he filed his complaint, Booker's claims are barred by the statute of limitations.

CONCLUSION

For the foregoing reasons, pursuant to 28 U.S.C. section 1915A(b), the court **DISMISSES** this complaint and **DIRECTS** the Clerk to close this case.


**DATED: January 13, 2010**          **/S/RUDY LOZANO, Judge**
                                      **United States District Court**